UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NOLA RESTORATION I, L.L.C., ET AL | CIVIL ACTION |
| VERSUS | NO: 07-8760 |
| USF INSURANCE COMPANY, ET AL | SECTION: J(3) |

**ORDER AND REASONS**

Before the Court is Plaintiffs NOLA Restoration I, L.L.C.,
NOLA Restoration II, L.L.C., NOLA Restoration III, L.L.C., NOLA
Restoration IV, L.L.C., NOLA Restoration V, L.L.C., Renovation
Partners I, L.L.C., Renovation Partners II, L.L.C., Restoration
Partners I, L.L.C., Adobe Dancehall, L.L.C., 3900 Prytania,
L.L.C., and Jonathan M. Wallick's **Motion to Remand (Rec. Doc. 8)**.
This motion, which is opposed, was set for hearing on February 6,
2008 on the briefs.  Upon review of the record, the memoranda of
counsel, and the applicable law, this Court now finds, for the
reasons set forth below, that Plaintiffs' motion should be
granted and this matter remanded.

**<u>Background Facts</u>**

This action arises out of damages sustained during Hurricane
Katrina.  Plaintiffs are ten limited liability companies which
own numerous structures in Orleans Parish.  All properties owned
by Plaintiffs were insured by a single policy of insurance issued

by Defendants, USF Insurance Company and Sirius International Insurance Corporation.[1]

Plaintiffs filed suit against Defendants in Louisiana state court for the Parish of Orleans, alleging that Defendants underpaid Plaintiffs for damages sustained by the various buildings insured under the policy.  Plaintiffs allege bad faith on the part of the Defendants in the adjusting process, and seek all penalties and fees allowed by the applicable statutory provisions.  Defendant subsequently removed pursuant to this Court's diversity jurisdiction.

<u>**The Parties' Arguments**</u>

The parties agree that diversity exists, but disagree as to whether the matter in controversy exceeds the jurisdictional minimum of $75,000.

Plaintiffs contend that the amount in controversy does not exceed $75,000.  As per the requirements of Louisiana law, Plaintiffs' petition does not specify the amount of damages sought.  However, Plaintiffs' petition does allege that the claims of one Plaintiff, NOLA Restoration IV, L.L.C., do not exceed $70,000.

Defendants argue that the limitation of damages as to the claims of NOLA Restoration IV, L.L.C. does not operate to deprive the Court of diversity jurisdiction.  In their notice of removal, Defendants assert that this Court may assume jurisdiction over

---

[1]  Plaintiff Jonathan Wallick is the owner of each of the L.L.C.s, and is listed as an additional insured under the policy.

2

the entire action despite the fact that the claims of one party clearly do not satisfy the $75,000 jurisdictional minimum.   In support, Defendants cite <u>Exxon Mobil Corp. v. Allapattaah Services, Inc.</u>, which held that 28 U.S.C. 1367 permits the exercise of supplemental jurisdiction over additional plaintiffs who fail to satisfy the minimum amount-in-controversy requirement, as long as the other elements of diversity jurisdiction are present and at least one named plaintiff satisfies the amount-in-controversy requirement.   545 U.S. 546 (2005).

In response, Plaintiffs state that there is nothing in <u>Exxon Mobil</u> which mandates that this Court exercise subject matter jurisdiction over the claims asserted in Plaintiffs' petition. In fact, the exercise of supplemental jurisdiction over the claims of the parties that do not meet the minimal jurisdictional amount is purely discretionary.

Regardless, Plaintiffs argue that this Court need not reach the question of whether it should exercise supplemental jurisdiction over the claims of Plaintiff NOLA Restoration IV, L.L.C. as Defendants have not satisfied their burden of establishing by a preponderance of the evidence that any of Plaintiffs' claims are worth at least $75,000.   The petition does not contain any mention of the amount of damages which any Plaintiff claims to have sustained on any of the properties, nor does it reference the amount which they seek from Defendants as compensation.   The petition only establishes that Plaintiffs'

claims are for wind damage and possible loss of use and loss of
rent.  The only mention of the degree of damage is the statement
that there was "substantial damage to plaintiffs' buildings," and
that "plaintiffs submitted claims under the policy for
substantial damages sustained."  Plaintiffs argue that reference
to substantial damage does not create an inference regarding the
amount of damages sought in the petition as a whole, much less by
individual Plaintiffs.[2]

    According to Plaintiffs, Defendants' reference to the limits
of coverage under the policy of insurance is also insufficient to
satisfy their burden of establishing by a preponderance of the
evidence that any of Plaintiffs' claims are worth at least
$75,000.  See Hartford Ins. Group v. Lou-Con, Inc., 293 F.3d 908
(5th Cir. 2002) (insurer's contention that the amount in
controversy was equal to the amount of coverage under the
liability policy held not to constitute sufficient evidence to
support exercise of diversity jurisdiction).  As a result,
according to Plaintiffs, there is no single claim over which this
Court can exercise diversity jurisdiction; hence, there is
nothing upon which to base an assertion of supplemental
jurisdiction.

    Defendants counter that the amount-in-controversy is
satisfied based upon: (1) Plaintiffs' allegations that their
properties sustained "substantial damage" that is causing

---

    [2]  Defendants have already paid Plaintiffs $380,190.18.

4

continued losses; (2) Plaintiffs' claims for additional sums in the form of statutory penalties and attorneys' fees; and (3) the fact that the policy proceeds that remain available to each Plaintiff exceed the required amount in controversy.  Defendants also point out Plaintiffs' failure to stipulate that their damages are less than $75,000.

## Discussion

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction.  See 28 U.S.C. 1441(a).  Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. 1332(a)(1).  A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists.  De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).  The jurisdictional facts supporting removal are examined as of the time of removal.  Gebbia v. Walmart Stores, Inc., 233 F.2d 880, 883 (5th Cir. 2000).  When the amount of damages is not specified in the petition, a defendant can rely on the face of the complaint if it is apparent that the amount in controversy is enough.  De Aguilar, 47 F.3d at 1412.  Alternatively, a defendant can rely on summary judgment type evidence of facts in controversy that establish the jurisdictional amount.  Id.

After a defendant has met its burden, a plaintiff must prove to a legal certainty that her recovery will not exceed the jurisdictional amount to a obtain a remand.  Id.  A defendant

5

must do more than point to a state law that might allow a
plaintiff to recover more than she pled. <u>Id.</u> The removal
statutes should be strictly construed in favor of remand.
<u>Manguno v. Prudential Property and Cas. Ins. Co.</u>, 276 F.3d 720,
723 (5th Cir. 2002).

In opposition, Defendants rely on the fact that the policy
proceeds that remain available to each Plaintiff exceed the
required amount in controversy.  However, Plaintiffs do not claim
that they are entitled to the full value of the insurance policy.
In a claim based on recovery under an insurance policy, "it is
the value of the claim, not the value of the underlying policy,
that determines the amount in controversy, unless the value of
the claim exceeds the value of the policy." <u>Southall v. St. Paul
Travelers Ins. Co.</u>, No. 06-3848, 2006 WL 2385365 (E.D. La. Aug.
16, 2006).  It is not clear from the face of the petition that
Plaintiffs are each seeking an excess of $75,000.  And Defendants
have not provided any evidence as to the value of Plaintiffs'
claims.

Although in this case, Plaintiffs assert their properties
sustained "substantial damage" that is causing continued losses,
no estimates of the amount of damages are given--and "this Court
cannot simply assume" that "severe" or substantial damage "means
the damages will exceed the $75,000 jurisdictional requirement."[3]

---

[3] Because this Court determines that Defendants have failed
to prove by a preponderance of the evidence that any one of the
Plaintiffs' claims exceeds the jurisdictional minimum, there is
no need to consider whether this Court should exercise

Southall, 2006 WL 2385365.  And as for Plaintiffs' refusal to stipulate that their damages are less than $75,000, a failure to stipulate is only one factor to consider in determining whether a defendant has met its burden, and it alone will not defeat a plaintiff's motion to remand.  Carbajal v. Caskids Oil Operating Co., No.05-5966, 2006 WL 1030392 (E.D. La. Apr. 18, 2006). Considering that "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand," this Court lacks diversity jurisdiction over this matter.[4]  Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  Accordingly,

**IT IS ORDERED** that **Plaintiffs' Motion to Remand (Rec. Doc. 8)** is hereby **GRANTED;** the above-captioned action is hereby **REMANDED** to the court from which it was removed.

New Orleans, Louisiana, this 8th day of February, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

supplemental jurisdiction over the claim of NOLA Restoration IV, L.L.C.

[4]  As for Plaintiffs' claims seeking penalties and attorney's fees, the Court is to consider such claims for these items when it assesses the amount in controversy.  See, e.g., Southall, 2006 WL 2385365.  However, consideration of such claims does not change this Court's determination that this matter must be remanded.

7